OPINION
{¶ 1} Appellant, American Industrial Renovation, Inc., ("AIR") appeals from the trial court's entry of judgment adopting a magistrate's decision. We affirm.
 {¶ 2} AIR owns property in the McDonald Industrial Park. Appellee, McDonald Industrial Park Property Owners Association is a managing board composed of the owners of real property in the industrial park. The voting rights of each property owner are determined by the percentage of property ownership. AIR was a minority member of the property owners association. McDonald Steel Corporation was the majority member of the property owners association.
 {¶ 3} The property owners association collects assessments from the property owners for maintenance of the industrial park. Part of this assessment covers the expenses of a guard service for the property. AIR was aware of these facts at the time it purchased property in the industrial park.
 {¶ 4} AIR failed to pay its monthly assessment for twenty-eight of thirty-one months between May 1999 and October 2001. The property owners association filed a breach of contract action against AIR seeking recovery of the unpaid assessments.
 {¶ 5} The trial court referred the matter to the magistrate who conducted a bench trial. Following the bench trial, the magistrate issued findings of fact and conclusions of law. The magistrate recommended that judgment be entered in favor of the property owners association.
 {¶ 6} AIR filed objections to the magistrate's decision, which the trial court overruled. The trial court adopted the magistrate's decision and entered judgment in favor of the property owner's association. AIR appeals raising one assignment of error:
 {¶ 7} "The trial court erred to the prejudice of the defendant appellant by allowing plaintiff appellee to assess charges to this defendant appellant that were solely for the benefit of the controlling party of plaintiff appellee."
 {¶ 8} AIR argues that it was unfair for it to have to pay assessments for a guard service that provided it no benefit, and only benefited the controlling member of the property owners association, McDonald Steel Corporation. AIR essentially presents a manifest weight argument, and we will review AIR's argument as such.
 {¶ 9} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 10} A review of the record establishes that the property owners association presented competent, credible evidence to establish each element of its breach of contract action. The vice president of the association testified that he discussed the assessment with AIR before AIR purchased the property. He testified that the restrictions and covenants for the property were filed of record. He also testified that AIR had failed to pay its share of the assessment. Therefore, the judgment was not against the manifest weight of the evidence.
 {¶ 11} Further, AIR has waived its argument that the assessment was improper because it only benefited McDonald Steel Corporation. First, AIR was well aware of the assessment for guard services at the time it purchased the property. Second, AIR's answer to the complaint failed to assert the affirmative defense of breach of fiduciary on the part of McDonald Steel Corporation. In fact, McDonald Steel Corporation was not a party to this action. Therefore, in order to assert this claim, AIR would have had to third-party in McDonald Steel Corporation or file a derivative action. Because AIR failed to do so, it waived this defense.
 {¶ 12} Appellant's assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., and Christley, J., concur.